# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CASE NO. 1:05MJ218

| | |
|---|---|
| IN RE: )<br>    REAL PROPERTY LOCATED AT )<br>    STREET ADDRESSES 2294, )<br>    2296, 2298 and 2300 U.S. )<br>    HIGHWAY 70, SWANNANOA, )<br>    NORTH CAROLINA, *etc.,* )<br>    )<br>    And )<br>    )<br>JOHN J. KELLY, M.D., )<br>    )<br>        Petitioner, )<br>    )<br>Vs. )<br>    )<br>UNITED STATES OF AMERICA, )<br>    )<br>        Respondent. )<br>    ) | **MEMORANDUM AND<br>ORDER** |

**THIS MATTER** is before the Court on the Petitioner's "exceptions" to the Order of Magistrate Judge Dennis Howell filed April 3, 2007.

In September 2005, the Government caused the filing of two *lis pendens* in connection with real property owned by John Kelly, M.D. (Petitioner). On January 30, 2007, the Petitioner, complaining that no action had been filed, moved to strike the *lis pendens* as to the commercial

property so that he could refinance the same.  On February 24, 2007, the Government filed a civil forfeiture action.  **See United States v. Real Property in Swannanoa, North Carolina, et al.**, **Civil No. 1:07CV78.**  By oral ruling on March 8, 2007, the Magistrate Judge ordered the *lis pendens* to be stricken as to the commercial property.  The next day, the Government moved the Magistrate Judge to reconsider his decision.

The Magistrate Judge did, in fact, reconsider his decision and on April 3, 2007, denied the Petitioner's motion to strike.  The Court construes the exceptions filed by the Petitioner to be objections pursuant to Federal Rule of Civil Procedure 72(a).

The Petitioner raises the same arguments previously made before the Magistrate, that is, "[a] complaint must be filed **before** a *lis pendens* may be entered."  **Petitioner's Memorandum of Authorities in Support of Exceptions to the Order entered by the Magistrate Judge ["Petitioner's Exceptions"], filed April 19, 2007, at 4 (emphasis in original).**  Both the statute and case law provide for the filing of a *lis pendens* against real estate prior to the filing of a civil forfeiture action.  **See**, *e.g.,* **18 U.S.C. § 985(d)(2);** *United States v. James Daniel Good Real Property*, **510 U.S. 43, 58 (1993) (recognizing** *lis pendens* **as**

means for government to secure legitimate interests without seizing property subject to forfeiture); *United States v. Undetermined Amount of U.S. Currency*, 376 F.3d 260, 262 (4th Cir. 2004) (reversing the undersigned and noting that the Government first filed *lis pendens* against real property and then initiated a civil forfeiture action); *United States v. Ragin*, 113 F.3d 1233 (table), 1997 WL 268576 (4th Cir. 1997); *In re Certain Real Property Located at Lot 8, Block 4 of Summit Hills, Charlotte, NC*, 763 F. Supp. 150, 152 (W.D.N.C. 1991) (use of notice of *lis pendens* prior to initiation of civil forfeiture proceeding valid means to notify the world of the Government's interest in the property).

The Petitioner's arguments merely rehash his positions previously rejected by the Magistrate Judge. While Petitioner and his attorney clearly disagree with the law, no showing has been made that the Magistrate Judge's ruling is incorrect and the Court will, therefore, decline to modify his decision. The matter has basically been rendered moot by the filing of the civil forfeiture action.[1]

---

[1]The Petitioner moved to stay that civil forfeiture proceeding, a motion which somewhat dampens his claims that his property has been unduly alienated without due process.

**IT IS, THEREFORE, ORDERED** that the Petitioner's objections to the Magistrate Judge's ruling are hereby **DENIED**.

Signed: June 13, 2007

Lacy H. Thornburg
United States District Judge